UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL D. McCORD,  )
                     Plaintiff,  )
                     v.  )   No. 4:07-CV-1181-SNL
ALAN BLAKE, et al.,  )
                     Defendants.  )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Michael D. McCord for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief in this action brought pursuant to 28 U.S.C. § 1983 against defendants Alan Blake and Maryann Richardson ("S.S.II").

A review of the complaint indicates that plaintiff has failed to set forth as to each named defendant the specific factual allegations supporting his claim against each particular defendant. More specifically, plaintiff has named two party-defendants; however, his allegations are only directed against "Defendant." As such, the Court is unable to review his claims at this time.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also, Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits). Moreover, the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. Because plaintiff has failed to do so, the Court is unable to determine which

claims, if any, are frivolous or fail to state a claim.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint in accordance with the instructions set forth below. Moreover, because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is reminded that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews. Thus, plaintiff must include in the "Caption" of the amended complaint all the defendants he wishes to sue; and in the "Statement of Claim," he must set out specific facts against each named defendant in a simple, concise, and direct manner. Plaintiff risks dismissal of the complaint if he fails to comply with this Court's instructions.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this Order. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing a complaint in federal court.[1] Specifically, in the "Caption" on page 1 of the form complaint, where plaintiff is instructed to enter on the blank lines the full names of all defendants in this action, plaintiff must write the name of each and every defendant he wishes to sue; and in the "Statement of Claim," he shall set forth his claims as to each named defendant in a simple, concise, and direct manner, as well as the facts supporting his claims against the particular

---

[1] The Court will instruct the Clerk of Court to provide plaintiff with the proper form.

defendant and the specific rights that he claims the defendant violated. If plaintiff needs additional space to list the names of all the defendants or to set out his claims against each defendant, he must attach additional sheets of paper to the amended complaint and clearly identify them as part of his "Caption" or "Statement of Claim." Plaintiff is advised that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided form complaint for filing a civil action in federal court.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in dismissal of this action, without prejudice. See Edgington v. Missouri Department of Corrections, 53 F.3d 777, 779 (8th Cir. 1995).

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this 7th day of August, 2007.

*/s/ Stephen N. Limbaugh*
**SENIOR UNITED STATES DISTRICT JUDGE**